IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************
UNITED STATES OF AMERICA,         Case No. 8:18-CR-069 (GLS)

     v.

TYLER HARGRAVE,                   GOVERNMENT'S SENTENCING
                Defendant.                                  MEMORANDUM
*******************************

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a low end of the guideline sentence.

## I

## INTRODUCTION

On January 24, 2017, Dropbox, Inc. (a file hosting service which offers, among other services, cloud storage and file synchronization) sent a Cyber Tipline Report to NCMEC indicating that a user with the email address: tyler_hargrave@rocketmail.com was using its services to store, view, or trade child pornography. Investigation confirmed that this email address was subscribed to and used by the defendant, Tyler Hargrave.

In addition, Dropbox, Inc. provided two videos of suspected child pornography uploaded through Dropbox servers by tyler_hargrave@rocketmail.com. One of those files, entitled Faris Top – Copy.mp4, is a video file depicting two fully nude prepubescent male children engaged in sexually explicit conduct, that is, manually and orally stimulating each other's genitals.

1

The Cybertip also included twelve excel files, containing logs of the defendant's activity of uploading and downloading numerous files with titles consistent child pornography. The Cyber Tipline Report indicated that the entire contents of the uploaded files was publicly available. Dropbox further reported that tyler_hargrave@rocketmail.com was active on their site from May 2, 2015 through December 4, 2016.

On April 21, 2017, NYSP executed a search warrant at the defendant's Massena, New York residence, and seized numerous items of electronic media, including a Dell laptop (Serial Number: 8W3CK22), containing a 500 Gigabyte Seagate hard drive (Serial Number: S3PBW5Z9) (Dell #1), from the defendant's bedroom, which contained approximately one hundred and fifty images and eighteen videos depicting child pornography.

On April 24, 2017, while attempting to locate the defendant after execution of the above-referenced search warrant, the NYSP seized a second Dell laptop (Serial Number: CV17XMQ), containing a 250 Gigabyte Western Digital hard drive (Serial Number: WX31AA0M9424) (Dell #2), with an attached 8 Gigabyte PNY USB Flash Drive, from the defendant's bedroom. A subsequent forensic review confirmed that the defendant possessed approximately six hundred images and approximately three hundred and fifty videos depicting child pornography on these two devices. A description of two of these videos are set forth below:

(1) Video195.mp4 – This video depicts an adult male lying on his back on a bed with his pants pulled down exposing his penis. An approximately 10 year old boy is performing fellatio on the adult male. This video is fifty-seven seconds in duration.

(2) Video177.mp4 – This video depicts an adult male on all four limbs hover over an approximately 10 year old boy who is lying on his back with his pants pulled down around his ankles. The adult male is performing fellatio on the 10 year old boy. This video is one minute and thirty-nine seconds in duration.

Case 8:18-cr-00069-GLS   Document 31   Filed 11/13/18   Page 3 of 9

A federal search warrant of the defendant's Dropbox account, executed in September 2017, revealed that it contained approximately sixty-three videos depicting child pornography at that time, and that the defendant used Dropbox to upload and download files depicting child pornography beginning as early as May 2015.  Information provided by Dropbox also confirms that on December 4, 2016, the defendant transported child pornography through Dropbox servers by deleting eight and uploading three zip files or folders.  Two of the files uploaded by the defendant to Dropbox on this specific date are described as follows:

(1)     IMG_1893.mp4 – This video file depicts an approximately 8 year old boy whose pants are pulled down exposing his buttocks.  The boy is bent over on what appears to be a bed.  There is an adult male standing behind the 8 year old boy inserting his penis into the boy's rectum. This video is twenty-three seconds in duration.

(2)     6fc055a8-261a-45af-b2d2-4e52878e9b03.mp4 – This video depicts an adult male lying on his back on a bed with his pants pulled down exposing his penis.  An approximately 6 year old boy enters into the cameras view and performs fellatio on the adult male.  This video is one minute and fifty-nine seconds in duration.

Further forensic analysis confirmed that the hash values of forty-one of the child pornography files possessed by the defendant on the 8 Gigabyte PNY USB Flash Drive matched the hash values of files found in his Dropbox account.

In addition to uploading and storing child pornography on Dropbox the defendant also utilized several email accounts to communicate with others about possessing and sharing images and videos of child pornography.  During the course of these exchanges the defendant sought out and received images of child pornography from other individuals. For example, on March 29, 2017, the defendant knowingly received an email from carey[XXXX]@gmail.com, which contained twenty-nine images depicting the lascivious exhibition of the genitals of boys between the ages of 12 and 16 years old.  In addition, carey[XXXX]@gmail.com offered to send the defendant a link to his Dropbox account.  The defendant responded with the following message,

3

"Yeah send and receive." Shortly thereafter carey[XXXX]@gmail.com responded with a link to his Dropbox account.

The United States would also note that as part of the state proceedings related to the conduct at issue in this case that is referenced in the Presentence Investigation Report at paragraph 46 the defendant elected to testify in Grand Jury in St. Lawrence County. During the course of that proceeding the defendant testified that he was not involved in the conduct at issue here and that his step father was in fact to blame for the child pornography images found on the defendant's electronic devices.[1]

On August 8, 2018, the defendant pled guilty to Counts 1 through 4 of a four-count Indictment. Count 1 charged Transportation of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(1), (b)(1) and (8)(A); Count 2 charged Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) and 2256(8)(A); and Counts 3 and 4 charged Possession of Child Pornography Depicting Prepubescent Minors or Minors Who Had Not Attained 12 Years of Age, in violation of 18 U.S.C. §§ 2252A(a)(5)(b), (b)(1) and 2256(8)(A).

Sentencing is currently set for December 3, 2018.

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1) **Statutory Sentencing Provisions**

The defendant is punishable as follows: imprisonment of at least five years and up to twenty years (18 U.S.C. § 2252A(b)(1)); fine of up to $250,000 (18 U.S.C. § 3571(b)); and supervised release of at least five years and up to life (18 U.S.C. § 3583(k)).

---

[1] A copy of the transcript of the defendant's grand jury testimony is filed under seal contemporaneously with this memorandum marked as Exhibit A.

**2) Forfeiture**

In addition to the above, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the Forfeiture Allegation of the Indictment, pursuant to 18 U.S.C. § 2253.  These items include:

    a.    A Dell laptop (Serial Number: 8W3CK22), containing a 500 Gigabyte Seagate hard drive (Serial Number: S3PBW5Z9),

    b.    A Dell laptop (Serial Number: CV17XMQ), containing a 250 Gigabyte Western Digital hard drive (Serial Number: WX31AA0M9424), and

    c.    An 8 Gigabyte PNY USB Flash Drive.

**3) Special Assessment**

A special assessment of $400 is mandatory. 18 U.S.C. § 3013. The defendant is also subject to the provisions of the Justice for Victims of Trafficking Act (JVTA) of 2015.  In addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). 18 U.S.C. § 3014.

**4)    Guidelines Provisions**

    **a.  Offense Level Computation**

According to the presentence report, the defendant's Total Offense Level is 37.  PSR ¶ 40. The government agrees with the Probation Office's determination of the defendant's Total Offense Level.

### b. Criminal History Category

According to the presentence report, the defendant's Criminal History Category is I. PSR ¶ 45. The government agrees with the Probation Office's determination of the defendant's criminal history category.

### c. Offense Level/Guidelines Calculation

The Government has no objection to the offense level calculations in the PSR, resulting in a total offense level of 37 a Criminal History Category of I and a Guidelines range of 210-262 months. PSR ¶¶ 25-40, 65.

### d. Supervised Release

U.S.S.G. §5D1.2(b) (Policy Statement) recommends the statutory maximum term of supervised release should be imposed when the offense of conviction is a sex offense. Here, the defendant's offense of conviction is a sex offense as it is one perpetrated against a minor under chapter 110 of Title 18, and the maximum and recommended term of supervised release is, accordingly, life. U.S.S.G. §5D1.2, App. Note 1; 18 U.S.C. §3583(k), PSR ¶ 73.

### e. Fine

The Government agrees with the conclusion set forth in the PSR that the defendant does not appear to have the ability to pay a fine. PSR ¶ 63.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

As reflected in the various Guidelines enhancements applicable to this case, there are a number of aggravating factors implicated by the defendant's crimes that merit a guideline sentence. The child pornography possessed by the defendant included videos and images depicting the abuse of prepubescent children including videos and images depicting violence or

sadomasochism. PSR ¶¶ 10, 16 and 30. Perhaps even more disturbing the defendant was actively soliciting child pornography from like-minded individuals on a number of different platforms. PSR ¶ 18. This is exactly the type of conduct which creates a demand for this material and leads to the abuse of children.

The government agrees with the USPO's assessment that there are no factors that would warrant a departure from the applicable sentencing guideline range. PSR ¶¶ 84-85. As such, the United States respectfully requests that the Court impose a low end of the guidelines sentence followed by a supervised release term of 20 years. Such a sentence would be sufficient, but not greater than necessary, to comply with the sentencing purposes in 18 U.S.C. § 3553(a). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Respectfully submitted this 13th day of November, 2018.

                                                GRANT C. JAQUITH
                                                United States Attorney

By:    */s/ Geoffrey J.L. Brown*
       Geoffrey J.L. Brown
       Assistant United States Attorney
       Bar Roll No. 513495

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018 the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the counsel of record for the defendant.

                                                     _/s/ Jennifer Buggs_
                                                     Jennifer Buggs
                                                     Legal Assistant

GOVERNMENT'S SENTENCING MEMORANDUM

EXHIBIT A

FILED UNDER SEAL